(35 Misc. Rep. 431.)

### FOX v. BRONSON et al.

(Supreme Court, Special Term, Montgomery County. July, 1901.)

FRAUDULENT CONVEYANCE—ACTION TO SET ASIDE—EVIDENCE.

    Defendant G. in an action to set aside a conveyance as fraudulent was a brother of defendant J., and had been in his employ for some 12 years. After J. in 1896 had become indebted to the plaintiff in the action, he gave G. a note for an alleged unpaid extra compensation, as agreed upon, for 11 years. J. had at all times been able to have paid· the note if he had owed it. In 1897 J. conveyed his homestead to G. for the note and debt, after having obtained from plaintiff in the action an extension of time. This conveyance, with others made by him, left him without property. Held, that the transfer would be set aside as in fraud of creditors.

Action by Henry T. Fox against James H. Bronson and George W. Bronson to set aside a deed. Judgment for plaintiff.

Louis H. Reynolds (H. V. Borst, of counsel), for plaintiff.
H. Sherburne, for defendant James H. Bronson.
Nisbet & Hanson, for defendant George W. Bronson.

HOUGHTON, J. On the 15th of February, 1897, the defendant James H. Bronson owned a number of pieces of property in and about the city of Amsterdam, and considerable personal property. He had been engaged for many years in broom manufacturing. He had two nephews, who were jobbers in Philadelphia, handling brooms, and doing business under the title of Bronson & Co. The defendant was interested in them and in their success, and they had become indebted to the plaintiff in an amount in excess of $25,000. In November, 1895, the defendant James H. Bronson indorsed for Bronson & Co., as surety for paper held by the plaintiff against them, to the extent of $25,000. In December, 1897, the plaintiff obtained judgment against the defendant on $5,000 of this indebtedness, and subsequently, in the year 1898, obtained judgments for $15,000 more of said notes, with accumulated interest. Bronson & Co., under the advice and with the aid and help of the defendant James H. Bronson, continued in their business, but apparently with indifferent success. After the indorsement of the

notes by the defendant James H. for the benefit of Bronson & Co., he continued from time to time to send them money to aid them in their business, and in that way sent them several thousand dollars. The defendant James H. was executor of the estate of one Clark, and held trust funds belonging to others. On the 15th day of February, 1897, he gave to Sarah A. Clark a deed of a store in the city of Amsterdam to pay an indebtedness for trust funds held by him, belonging to her, of $4,300. On the 27th of March, 1897, he conveyed the homestead property, the deed of which this action is brought to set aside, to his brother George W. Bronson. This property was worth at that time $10,000. On the 26th of April, the 3d of May, and the 24th of May the defendant James H. Bronson executed various mortgages and deeds to various parties for the purpose of paying indebtedness for trust funds held by him, or business indebtedness to various parties, and during that period disposed of $3,200 of bank stock, and gave his wife a bill of sale of the household furniture. These various transfers and alienations devested him of all of his property. No complaint is made by this plaintiff, in his (a creditor's) action, against any of the transfers, except the deed to the brother George W. Bronson of the homestead property. That deed was dated the 27th of March, 1897, signed by James H. Bronson alone, his wife not joining, and was acknowledged on the 6th day of April thereafter, and not recorded until the 24th day of May thereafter, when all of the other conveyances and mortgages were recorded. The plaintiff claims that the transfer of the homestead property to the brother, the defendant George W. Bronson, was without consideration and in fraud of himself, and for the purpose of hindering and delaying him in the collection of his claim, which claim had existed for more than a year prior to the transfers. The defendants seek to justify the conveyance on the ground that the brother, the defendant George W. Bronson, held a claim for nearly $10,000, growing out of a note given to him by the defendant James H. Bronson in August, 1886, and allege that the consideration for the note was back salary due from James H. to George W. In 1873 George W. was working for his brother James H. as superintendent of a broom manufactory, under the stipulated salary of $1,100 per year. The defendants claim that George was dissatisfied with this amount, and suggested to his brother that he ought to receive an additional amount, and that they finally agreed upon $400 additional salary. From 1873 until 1885 George continued in the service of his brother, and drew only $1,100 per year. There was no written agreement, nor entry upon the books, nor memorandum of any kind made regarding this alleged agreement. They do not claim that during this 11 years' service any attempt was made by George to obtain payment of the additional $400 per year, except that from time to time James H. assured him that he would take care of him. Eleven more years elapsed, and in August, 1896, the defendant George W. says that he concluded he had better get the matter in different shape from that in which it was. George W. during this time was in need of money. There was an unpaid judgment hanging over him, and he gives that as an excuse why he did not

disclose the indebtedness and draw the money. In 1893 this judgment, however, was compromised by the payment of a part, and still no effort was made to collect the money from his brother, or demand made for it. In August, 1896, when the amount was ingrafted into a note, the $4,400 and interest had amounted to $8,624. George W. knew that his brother James H. had become involved with the Philadelphia firm, and had indorsed for them for a considerable amount. Something was said in August, 1896, when the note was given, that James H. could secure George W. by giving him a deed of his homestead, although at that time he owned a considerable number of other pieces of real estate and some personal property. On the 8th of February, 1897, one of the notes upon which the plaintiff subsequently obtained judgment was shortly to fall due, and James H. induced the plaintiff to renew the note for another seven months. On the 15th of February thereafter the alienation of property began, continuing until the 24th of May following. In 1885 George moved from the city of Amsterdam to Syracuse, and has remained under another employer ever since. No question of interest upon the alleged claim came up until the time of the giving of the note. During all of the time of the existence of the claim, James H. Bronson was abundantly able to pay his brother, who was apparently in need of the money if it was due him. He says he did not press it because he thought it was entirely safe, and that he was secured in his brother's will for the debt. After the conveyance to George W., James H. continued to occupy the premises, and for the first year claims to have paid the rent by paying taxes and making repairs, and after that to have paid a stipulated rent. There appears to have been no change in occupancy and management of the property after its conveyance to George W. The homestead was evidently the piece of property which the defendant James H. most cared about either saving for himself or continuing in control of. I think the conclusion is irresistible that the conveyance was made in fraud of the plaintiff, and for the purpose of hindering and delaying him in the collection of his claim, and that the claim of George W. Bronson was not a bona fide one. It is possible there may have been some talk that George W. was to have an increase of salary, and that his brother James, who had no children, was to provide for him in his will, and make up to him what he might lose by working for reduced compensation; but any valid contract which obligated the defendant James H. to pay to George W. the $9,000, for which the house was transferred, I do not think existed. If there was a valid claim, then James H. had the right to transfer the property in payment of it, but I find that there was none, and that all the circumstances show that the conveyance was made in fraud of the plaintiff. If the case was to be decided upon sympathy, it should be for the defendant, because his case is a hard one. But in the law the plaintiff's claim is entitled to as great protection as though the indebtedness had been incurred in any other manner than as security for others. The findings and decree may be in accordance with the above, with costs to the plaintiff.

Judgment accordingly.